IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMERICAN COMMERCIAL LINES LLC, | § § § | |
| Plaintiff | § § | CIVIL ACTION NO. 09-3457 |
| v. | § § | SECT. B, MAG 4 |
| PRINCE RUPERT SHIPPING, LTD., HANJIN SHIPPING CO., LTD., CRESCENT TOWING & SALVAGE CO., INC., AND COOPER/T SMITH MOORING CO., INC., | § § § § § § | |
| Defendants. | § § | |

### ANSWER AND COUNTERCLAIM OF HAJIN SHIPPING CO., LTD

COMES NOW Defendant Hanjin Shipping Co., Ltd. ("Hanjin"), and files its Answer to the Complaint for Declaratory Judgment filed by American Commercial Lines LLC ("ACL) and its Counterclaim against ACL. In response to the Complaint for Declaratory Judgment, Hanjin answers as follows:

1. The allegations contained in Paragraph 1 of the Complaint are admitted.

2. The allegations contained in Paragraph 2 of the Complaint are admitted.

3. The allegations contained in Paragraph 3 of the Complaint are admitted.

4, Hanjin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. The allegations contained in Paragraph 5 of the Complaint are admitted.

6. The allegations contained in Paragraph 6 of the Complaint are admitted.

7. Hanjin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Hanjin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. The allegations contained in Paragraph 9 of the Complaint are admitted.

10. Hanjin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Hanjin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, except that it is admitted that the Barge DM-932 was located in the Mississippi River on or about July 23, 2008.

12 Hanjin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint.

13. The allegations contained in Paragraph 13 of the Complaint are admitted.

14. Hanjin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. The allegations contained in Paragraph 15 of the Complaint are admitted.

16. The allegations contained in Paragraph 16 of the Complaint are admitted.

17. Hanjin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, except that it is admitted that a section of the Mississippi River was closed by the United States Coast Guard because of the oil spill and the necessary clean up operations.

18. Hanjin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, except that it is admitted that the Mississippi River was re-opened to vessel traffic by the United States Coast Guard on or about July 27, 2008.

19. Hanjin admits that Barge DM-932 has been identified as the source of the discharge, but Hanjin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint, except that it denies that the discharge of oil or the resulting damages or removal costs were caused solely by the act or omission of a third party other than ACL.

20. Hanjin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, except that it is admitted that an Advertisement of Designation was published in *THE TIMES PICAYUNE*.

21. The allegations contained in Paragraph 21 of the Complaint are admitted.

22. The allegations contained in Paragraph 22 of the Complaint are admitted.

23. It is admitted that Hanjin has filed its claims with Worley. Hanjin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Complaint.

24. To the extent that the allegations contained in Paragraph 24 of the Complaint require a response, they are denied.

25. Hanjin repeats and realleges its responses to Paragraphs 1 to 24 of the Complaint.

26. Hanjin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. To the extent that the allegations contained in Paragraph 27 of the Complaint require a response, they are denied.

28. To the extent that the allegations contained in Paragraph 28 of the Complaint require a response, they are denied.

29. To the extent that the allegations contained in Paragraph 29 of the Complaint require a response, they are denied.

30. Hanjin repeats and realleges its responses to Paragraphs 1 to 29 of the Complaint.

31. The allegations contained in Paragraph 31 of the Complaint are admitted.

32. Admit the requested information has been provided.

33. To the extent that the allegations contained in Paragraph 33 of the Complaint require a response, they are denied.

34. To the extent that the allegations contained in Paragraph 34 of the Complaint require a response, they are denied.

35. To the extent that the allegations contained in Paragraph 35 of the Complaint require a response, they are denied.

36. Hanjin repeats and realleges its responses to Paragraphs 1 to 35 of the Complaint.

37. Hanjin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Complaint.

38. Hanjin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Complaint.

39. To the extent that the allegations contained in Paragraph 39 of the Complaint require a response, they are denied.

40 To the extent that the allegations contained in Paragraph 40 of the Complaint require a response, they are denied.

41. To the extent that the allegations contained in Paragraph 41 of the Complaint require a response, they are denied.

42. Hanjin repeats and realleges its responses to Paragraphs 1 to 41 of the Complaint.

43. Hanjin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Complaint.

44. To the extent that the allegations contained in Paragraph 44 of the Complaint require a response, they are denied.

45. To the extent that the allegations contained in Paragraph 45 of the Complaint require a response, they are denied.

46. To the extent that the allegations contained in Paragraph 46 of the Complaint require a response, they are denied.

### COUNTERCLAIM OF HANJIN SHIPPING CO. LTD. AGAINST AMERICAN COMMERCIAL LINES, LLC

Now Comes Hanjin Shipping Co. Ltd and files its counterclaim pursuant to Rule 13 (a)(1) of the Federal Rules of Procedure against the Plaintiff American Commercial Lines LLC and would show as follows:

1. At all material times, Hanjin Shipping Co. Ltd. was the charterer of the M/V PRINCE RUPERT pursuant to time charter party dated July 10, 2008 between itself and Pacific Basin IHC Limited, Hong Kong, the disponent owner of the PRINCE RUPERT.

2. On July 23, 2008, the PRINCE RUPERT was taking on cargo in the Mississippi River near New Orleans when the M/T TINTOMAR, the M/V MEL OLIVER and the ACL Barge 932 came into collision in the Mississippi River, downriver from where the PRINCE RUPERT was located.

3. As a result of the aforesaid collision, a large quantity of fuel oil was discharged from the ACL Barge 932 into the waters of the Mississippi River, injuring the River, a natural resource.

4. The Plaintiff ACL is a Responsible Party within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701(32(A).

5. As a direct result of the discharge of oil from ACL Barge 932, the Mississippi River was closed to vessel traffic, causing Hanjin to incur charter hire for 2.482639 days while the PRINCE RUPERT was delayed, after it had completed cargo operations at a rate of $62,000 per day as well as additional tug expenses of $9,581.44 and further bunkers expense of $4,982.50, for a total economic loss, constituting a loss of profits or an impairment of earnings, of $168,487.55, for which it seeks to recover against ACL under 33 U.S.C. § 2702(b)(2)(E).

6. Hanjin has complied with all relevant conditions precedent under OPA90 to the bringing of this claim.

WHEREFORE, Defendant, Counterclaimant Hanjin Shipping Co., Ltd. requests that judgment be entered in its favor against the Plaintiff, Counterclaim Defendant American Commercial Lines, LLC in the amount of $168,487.55, plus interest, as provided for in 33 U.S.C § 2705, and for whatever other relief to which Hanjin Shipping Co. Ltd. shows itself justly entitled.

Respectfully submitted,

/s/ Richard L. Harrell
Richard L. Harrell
Louisiana Bar No. 19417
*richard.harrell@roystonlaw.com*
ATTORNEY-IN-CHARGE FOR DEFENDANT HANJIN SHIPPING CO., LTD.

Of Counsel:

ROYSTON RAYZOR VICKERY & WILLIAMS LLP
711 Louisiana Street, Suite 500
Houston,, TX 77002
Telephone:     (713) 224-8380
Facsimile:     (713) 225-9914

### CERTIFICATE OF SERVICE

I certify that on this 3rd day of June, 2009, a true and correct copy of this instrument was served on all counsel of record via certified mail, return receipt requested, or via the CM/ECF system, which will send notification of such filing, to the following:

>Glenn G. Goodier
>Jones Walker Waechter Poitevent Carrere & Denegre LLP
>201 St. Charles Avenue – 48th Floor
>New Orleans, Louisiana 70170
>*Attorneys for Plaintiff*

                                   /s/ Richard L. Harrell